CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 03 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHARLES ELLERSON CARROLL, JR.,** | ) | CASE NO. 7:14CV00005 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **C/O BARKER,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant.** | ) | |

Charles Ellerson Carroll, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that on November 25, 2013, the defendant prison officer refused to provide him with his supper meal, because Carroll had not returned his lunch tray as required. Upon review of the record, the court finds that the action must be summarily dismissed as frivolous.

The court is required to dismiss a prisoner's civil action against a governmental officer if that action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Such statutory authority to dismiss a claim as frivolous allows the court "to dismiss a claim based on an indisputably meritless legal theory [or] factual contentions [that] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

To prove that uncomfortable or even harsh prison conditions violated his constitutional rights, a prisoner must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged condition[ ]." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). Carroll fails to allege suffering any harm whatsoever from missing one meal. Moreover, as Carroll's own refusal to follow prison procedure caused the alleged deprivation, he has no factual basis to blame the officer for any violation of his rights. For the reasons stated, the court

finds no constitutional implications here, and dismisses Carroll's complaint without prejudice, pursuant to § 1915A(b)(1), as frivolous.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 3rd day of January, 2014.

                                                                                 /s/ Glen Conrad
                                                               Chief United States District Judge